## INJURY RESULTING FROM FRIGHT.

[Circuit Court of Lucas County.]

LOUISE OHLIGER v. TOLEDO TRACTION CO. ET AL.

Decided, October 26, 1901.

*Mental Pain and Suffering when not Accompanied by Physical Injury—*
*Damages for Injury from Fright.*

Where an injury resulting from the negligence of another, is not of
a physical character and is due entirely to fright, there can be no
recovery.

PARKER, J.; HAYNES, J., and HULL, J., concur.

Heard on error.

Plaintiff in error, who was plaintiff in the court below, brought an action against the Toledo Traction Company and Daniel H. O'Hara, charging that they had been guilty of negligence whereby she had been injured and suffered damages, which she sought to recover. The case was tried to a jury, and resulted in a verdict in favor of the defendants. A motion for a new trial was overruled. On account of alleged errors occurring in the court below, Louisa Ohliger prosecutes error here.

She charges in her petition that on June 7, 1900, she was a passenger upon one of the cars of the Toledo Traction Company, a company operating a system of street cars in the city of Toledo, and that through the negligence of the employes of the company in charge of that car, and the negligence of the driver of a certain garbage wagon owned by the defendant O'Hara, a collision occurred between the car and the garbage wagon. She says that she was very much frightened by the collision and suffered great agony and distress of. mind in consequence of the fright. She also says that she was thrown violently forward from her seat in the car, and then jerked violently backward into the seat, whereby she suffered physical injuries, perhaps a fracture of one of the floating ribs, and of the pelvis, and a lesion of some of the muscles or tendons of the back. The jury returned a verdict in favor of the defendants. They also answered certain interrogatories submitted to them, as follows:

"1. Q. Was whatever injury the plaintiff sustained caused by fright? A. Yes.

"2. Q. Did plaintiff receive any physical or bodily injury at the time by reason of the collision? A. No."

It seems that on the trial in the court below the chief controversy, if not the only serious controversy, was whether the plaintiff might recover for injuries resulting from fright alone, and that question is debated here—whether the plaintiff might recover for the distress of mind due to fright caused by the negligence of the traction company and the other defendant. The second question debated is, whether the general verdict and this answer to the second interrogatory were against the weight of the evidence.

In debating the question whether she might recover for injuries received from fright, counsel for the plaintiff in error have discussed it as if the question were whether if through fright she suffered any organic or functional impairment of the heart or other organ, that might afford a basis of recovery.

If the answer to the second interrogatory is to stand, that question is not involved, since that answer is that she suffered no physical or bodily injury at the time by reason of the collision.

There is evidence tending to show that after this collision and in consequence of it, she became extremely nervous and debilitated; unable to walk with ease, unable to perform her usual and ordinary work that she had been accustomed to perform before that time, and that she suffered great distress and pain in the back; all of which injuries the testimony tends to show may have resulted from the fright that she suffered on this occasion. On the other hand, there is testimony tending to show that before this collision she was weak and feeble, an infirm, delicate woman, and fully as bad off physically as she was after the injury; and that she was feigning, pretending that she suffered pain in her back; that is, that she was feigning so much as would appear to be in excess or aggravation of what she had previously suffered.

If the question were to be decided by us, we would not feel inclined to follow the authorities cited in support of the prop-

osition that there could be no recovery on account of physical injuries from fright, without giving the matter much more study and consideration than we have .given it in this case. There are authorities to that effect, many of them decisions that are entitled to great respect; but it seems to us at first blush, and indeed after such consideration as we have given it, to be a harsh rule, and perhaps not in entire harmony with other rules upon the subject, though it may be the law. We might, if we were required to pass upon the question, find ourselves obliged to follow this line of decisions. It would seem, as I say, to be a harsh rule, to say that one suffering from fright in consequence of the negligence of another, if that fright resulted directly in a physical injury, as for instance a rupture of the heart or of a blood vessel, or paralysis, or some similar functional disorder, could not recover on account thereof; and yet it is conceded that for a mere physical injury, as for instance an injury produced by something coming in contact with the body, whereby there would be a contusion or an abrasion, or any other injury to the tissue or substance .of the body, no matter how trifling, there might be, a recovery, and such injury would let in proof of, and enable one to recover on account of other injuries resulting from the fright. But as I say, we do not feel obliged to pursue this inquiry or to decide upon this question of law, because the answer of the jury. to the second interrogatory excludes it all. It is sweeping. It is to the effect that there was ·no physical injury resulting from this fright; that whatever injury the plaintiff suffered was from the fright, and that such injury was not physical; that therefore if she suffered any injury it must have been in the nature of distress of mind consequent upon the fright; and we think that the authorities are clear, uniform and consistent, to the effect that for such distress of mind standing alone, i. e., when that is the only injury resulting from the negligence, there can be no recovery.

That leaves for consideration the question whether this general verdict and this answer to the second interrogatory are against the weight of the evidence. I will not undertake to discuss the evidence, and shall content myself with saying that

we can not find the conclusions of the jury are contrary to the weight of the evidence.

The verdict and judgment, therefore, will be affirmed.

*Southard & Southard,* for plaintiff in error.

*Smith & Baker,* for defendants in error.